UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

COLETTE WARNER,

                                    Plaintiff,        **COMPLAINT**

-against-

                                    07 Civ. 9785 (SAS)

THE CITY OF NEW YORK, P.O. "JANE" RILEY, and
SGT. "JOHN DOE", individually and in their official
capacities, (the name John Doe being fictitious, as the true    **JURY TRIAL DEMANDED**
name is presently unknown),

                                  Defendants.

------------------------------------------------------------------------X

       Plaintiff COLETTE WARNER, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

**JURISDICTION**

       2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

       4.    Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      Plaintiff COLETTE WARNER is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O. "JANE" RILEY and SGT. "JOHN DOE" were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

13. On September 6, 2006, at approximately 9:00 a.m., plaintiff COLETTE WARNER was lawfully present in the 116th Street subway station of the "C" line, in the County, City, and State of New York.

14. At aforesaid time and place, plaintiff COLETTE WARNER was suddenly accosted by defendants P.O. "JANE" RILEY and SGT. "JOHN DOE".

15. Defendants grabbed plaintiff COLETTE WARNER, forcefully twisted her arms, and threw her against the wall.

16. As a result of this unprovoked assault, plaintiff COLETTE WARNER sustained, *inter alia*, injuries to her neck, back, and arms.

17. Defendants handcuffed plaintiff COLETTE WARNER extremely tightly.

18. As a result of being handcuffed too tightly, plaintiff COLETTE WARNER sustained, *inter alia*, injuries to her wrists.

19. Defendants placed plaintiff COLETTE WARNER under arrest for disorderly conduct despite defendants' knowledge that they lacked probable cause to do so.

20. Plaintiff COLETTE WARNER was then transported to Transit District 3 of the New York City Police Department, in Manhattan, New York, where she was detained and held in police custody for approximately three hours before being released with a Desk Appearance Ticket.

21. Defendants initiated criminal proceedings against plaintiff COLETTE WARNER despite defendants' knowledge that they lacked probable cause to do so.

22. On October 3, 2006, plaintiff COLETTE WARNER was required to make a court appearance to defend herself in the criminal proceedings that defendants had initiated against her.

23. On October 3, 2006, all charges against plaintiff COLETTE WARNER were

dismissed for facial insufficiency.

24. As a result of the foregoing, plaintiff COLETTE WARNER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff COLETTE WARNER of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

31.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.   As a result of the aforesaid conduct by defendants, plaintiff COLETTE WARNER was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

33.   As a result of the foregoing, plaintiff COLETTE WARNER's liberty was restricted for an extended period of time, she was put in fear for his safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

34.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.   Defendants issued legal process to place plaintiff COLETTE WARNER under arrest.

36.   Defendants arrested plaintiff COLETTE WARNER in order to obtain a collateral objective outside the legitimate ends of the legal process.

37.   Defendants acted with intent to do harm to plaintiff COLETTE WARNER without excuse or justification.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

38.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.   The level of force employed by defendants was objectively unreasonable and in

violation of plaintiff COLETTE WARNER's constitutional rights.

40. As a result of the aforementioned conduct of defendants, plaintiff COLETTE WARNER was subjected to excessive force and sustained physical injuries.

**FIFTH CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants misrepresented and falsified evidence before the District Attorney.

43. Defendants did not make a complete and full statement of facts to the District Attorney.

44. Defendants withheld exculpatory evidence from the District Attorney.

45. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff COLETTE WARNER.

46. Defendants lacked probable cause to initiate criminal proceedings against plaintiff COLETTE WARNER.

47. Defendants acted with malice in initiating criminal proceedings against plaintiff COLETTE WARNER.

48. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff COLETTE WARNER.

49. Defendants lacked probable cause to continue criminal proceedings against plaintiff COLETTE WARNER.

50. Defendants acted with malice in continuing criminal proceedings against plaintiff COLETTE WARNER.

51. Defendants misrepresented and falsified evidence throughout all phases of the

criminal proceeding.

52. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff COLETTE WARNER's favor on or about October 3, 2006, when all charges against plaintiff were dismissed.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) using excessive force to make arrests within the mass transit system;

   b) arresting minority individuals within the mass transit system without probable cause; and

   c) arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

56. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **William Davenport v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 0776;

- **Chasity Rivera v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 6769;

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Brandon Woodie v. City of New York,** United States District Court, Eastern District of New York, 05 CV 0632;

- **Nicholas Lawrence v. City of New York,** United States District Court, Eastern District of New York, 05 CV 0055.

57. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff COLETTE WARNER.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff COLETTE WARNER as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff COLETTE WARNER as alleged herein.

61. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff COLETTE WARNER was unlawfully assaulted, arrested, and incarcerated.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff COLETTE WARNER's constitutional rights.

63. All of the foregoing acts by defendants deprived plaintiff COLETTE WARNER of

federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    Not to have excessive force imposed upon her;

    D.    To be free from unwarranted and malicious criminal prosecution;

    E.    To be free from malicious abuse of process;

    F.    Not to have cruel and unusual punishment imposed upon her; and

    G.    To receive equal protection under the law.

64. As a result of the foregoing, plaintiff COLETTE WARNER is entitled to compensatory damages in the sum of three million dollars ($3,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of three million dollars ($3,000,000.00).

## **PENDANT STATE CLAIMS**

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. On or about November 15, 2006, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

67. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

68. The City of New York failed to schedule a hearing pursuant to General Municipal Law § 50-h and such hearing is accordingly deemed waived.

69. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

70. Plaintiff has complied with all conditions precedent to maintaining the instant action.

71. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**FALSE ARREST**

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendant police officers arrested plaintiff COLETTE WARNER in the absence of probable cause and without a warrant.

74. As a result of the aforesaid conduct by defendants, plaintiff COLETTE WARNER was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants in criminal proceedings.

75. The aforesaid actions by the defendants constituted a deprivation of plaintiff COLETTE WARNER's rights.

**SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**FALSE IMPRISONMENT**

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. As a result of the foregoing, plaintiff COLETTE WARNER was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

78. Plaintiff COLETTE WARNER was conscious of said confinement and did not consent to same.

79. The confinement of plaintiff COLETTE WARNER was without probable cause and was not otherwise privileged.

80. As a result of the aforementioned conduct, plaintiff COLETTE WARNER has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants' aforementioned actions placed plaintiff COLETTE WARNER in apprehension of imminent harmful and offensive bodily contact.

83. As a result of defendants' conduct, plaintiff COLETTE WARNER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendant police officers touched plaintiff COLETTE WARNER in a harmful and offensive manner.

86. Defendant police officers did so without privilege or consent from plaintiff COLETTE WARNER.

87. As a result of defendants' conduct, plaintiff COLETTE WARNER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Defendant police officers issued legal process to place plaintiff COLETTE WARNER under arrest.

90. Defendant police officers arrested plaintiff COLETTE WARNER to obtain a collateral objective outside the legitimate ends of the legal process.

91. Defendant police officers acted with intent to do harm to plaintiff COLETTE WARNER, without excuse or justification.

92. As a result of the aforementioned conduct, plaintiff COLETTE WARNER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

95. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

96. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

97. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff COLETTE WARNER.

98. As a result of the aforementioned conduct, plaintiff COLETTE WARNER suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>MALICIOUS PROSECUTION</u>

99. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. On or about September 6, 2006, the defendant City of New York, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiff COLETTE WARNER, and falsely and maliciously, and without probable cause, charged plaintiff with crimes.

101. Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiff COLETTE WARNER had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

102. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff COLETTE WARNER.

103. Defendants lacked probable cause to initiate criminal proceedings against plaintiff COLETTE WARNER.

104. Defendants were motivated by actual malice in initiating criminal proceedings against plaintiff COLETTE WARNER.

105. Defendants misrepresented and falsified evidence before the District Attorney.

106. Defendants did not make a complete and full statement of facts to the District Attorney.

107. Defendants withheld exculpatory evidence from the District Attorney.

108. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff COLETTE WARNER.

109. Defendants lacked probable cause to continue criminal proceedings against plaintiff COLETTE WARNER.

110. Defendants were motivated by actual malice in continuing criminal proceedings against plaintiff COLETTE WARNER.

111. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff COLETTE WARNER's favor on or about October 3, 2006, when all charges were dismissed.

**EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING AND RETENTION**

112. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff COLETTE WARNER.

114. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. "JANE" RILEY and SGT. "JOHN DOE" to

engage in the wrongful conduct heretofore alleged in this Complaint.

### NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

115.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.   Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff COLETTE WARNER.

117.   As a result of the foregoing, plaintiff COLETTE WARNER is entitled to compensatory damages in the sum of three million dollars ($3,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of three million dollars ($3,000,000.00).

**WHEREFORE**, plaintiff COLETTE WARNER demands judgment in the sum of three million dollars ($3,000,000.00) in compensatory damages and three million dollars ($3,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:     New York, New York
           November 4, 2007

                              _____/s_____
                              ROSE M. WEBER (RW 0515)
                              225 Broadway, Suite 1608
                              New York, NY 10007
                              (212) 748-3355