UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

COLETTE WARNER,

                                                    Plaintiff,

                            -against-

THE CITY OF NEW YORK, P.O. "JANE" RILEY, and
SGT. "JOHN DOE", individually and in their official
capacities, (the name John Doe being fictitious, as the true
name is presently unknown),

                                                  Defendants.

------------------------------------------------------------------ X

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND POLICE OFFICER KELLY RILEY**

07 Civ. 9785 (SAS)

Jury Trial Demanded

        Defendants City of New York and Police Officer Kelly Riley, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

        5.     Paragraph "5" sets forth a demand for jury trial, rather than an averment of fact, and accordingly no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Admit the allegations set forth in paragraph "7" of the Complaint.

8. The allegations set forth in paragraph "8" of the Complaint constitute legal conclusions to which no response is required, except admit that the City of New York maintains a Police Department and respectfully refer the Court to the New York City Charter and the Administrative Code for the duties and functions of the New York City Police Department.

9. The allegations set forth in paragraph "9" of the Complaint constitute legal conclusions to which no response is required, except admit that P.O. Riley is a New York City Police Officer.

10. The allegations set forth in paragraph "10" of the Complaint constitute legal conclusions to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that on September 6, 2006 Colette Warner was present in a 116th Street subway station, New York, New York.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff was transported to Transit District 3 of the New York City Police Department, New York, New York, where she was held in police custody and released with a Desk Appearance Ticket.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. In response to the allegations set forth in paragraph "25" of the Complaint, defendants repeat and reallege paragraphs "1" through "24" of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat and reallege paragraphs "1" through "30" of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, defendants repeat and reallege paragraphs "1" through "33" of this answer as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that plaintiff was placed under arrest.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat and reallege paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. In response to the allegations set forth in paragraph "41" of the Complaint, defendants repeat and reallege paragraphs "1" through "40" of this answer as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint, except admit that on October 3, 2006 the charge against plaintiff was dismissed.

53. In response to the allegations set forth in paragraph "53" of the Complaint, defendants repeat and reallege paragraphs "1" through "52" of this answer as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint and all of its subparts.

56. Deny the allegations set forth in paragraph "56" of the Complaint and all of its subparts.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint, and its subparts.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. In response to the allegations set forth in paragraph "65" of the Complaint, defendants repeat and reallege paragraphs "1" through "64" of this answer as if fully set forth herein.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint, except admit that this action was commenced on or about November 5, 2007.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. The allegations set forth in paragraph "71" of the Complaint constitute legal conclusions to which no response is required.

72. In response to the allegations set forth in paragraph "72" of the Complaint, defendants repeat and reallege paragraphs "1" through "71" of this answer as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. In response to the allegations set forth in paragraph "76" of the Complaint, defendants repeat and reallege paragraphs "1" through "75" of this answer as if fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's mental state.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. In response to the allegations set forth in paragraph "81" of the Complaint, defendants repeat and reallege paragraphs "1" through "80" of this answer as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. In response to the allegations set forth in paragraph "84" of the Complaint, defendants repeat and reallege paragraphs "1" through "83" of this answer as if fully set forth herein.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. In response to the allegations set forth in paragraph "88" of the Complaint, defendants repeat and reallege paragraphs "1" through "87" of this answer as if fully set forth herein.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. In response to the allegations set forth in paragraph "93" of the Complaint, defendants repeat and reallege paragraphs "1" through "92" of this answer as if fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the Complaint

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. In response to the allegations set forth in paragraph "99" of the Complaint, defendants repeat and reallege paragraphs "1" through "98" of this answer as if fully set forth herein.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint, except admit that on or about October 3, 2006 the charge against plaintiff was dismissed.

112. In response to the allegations set forth in paragraph "112" of the Complaint, defendants repeat and reallege paragraphs "1" through "111" of this answer as if fully set forth herein.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. In response to the allegations set forth in paragraph "115" of the Complaint, defendants repeat and reallege paragraphs "1" through "114" of this answer as if fully set forth herein.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

118. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

119. Defendants City of New York and Police Officer Kelly Riley have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

120. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

121. Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

122. Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

123. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

124. To the extent applicable, there was probable cause for plaintiff's arrest.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

125. To the extent applicable, there was reasonable suspicion for plaintiff's detention and/or arrest.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

126. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

127. To the extent that the Complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

128. Defendant Police Officer Kelly Riley has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** defendants City of New York and Police Officer Kelly Riley request judgment dismissing the Complaint, as against them together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           January 28, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants City of New York and
                              Police Officer Kelly Riley
                              100 Church Street
                              New York, New York 10007
                              (212) 788-8084

                          By: _____
                              David M. Hazan (DH-8611)
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

To:     **Via ECF and First Class Mail**
        Rose M. Weber, Esq.
        225 Broadway, Suite 1608
        New York, NY 10007

Docket No. 07 Civ. 9785 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLETTE WARNER,

        Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. "JANE" RILEY, and SGT. "JOHN DOE", individually and in their official capacities, (the name John Doe being fictitious, as the true name is presently unknown),

        Defendants.

**ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND POLICE OFFICER KELLY RILEY**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*Police Officer Kelly Riley*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: David M. Hazan*
*Tel: (212) 788-8084*
*NYCLIS No. 2007-037027*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................, 2008*

*................................................................ Esq.*

*Attorney for ................................................*

- 12 -

**DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL**

I, Philip S. Frank, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on January 28, 2008, I served the annexed Answer of Defendants City of New York and Police Officer Kelly Riley, by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

> Rose M. Weber, Esq.
> 225 Broadway, Suite 1608
> New York, NY 10007

Dated: New York, New York
       January 28, 2008

_____
Philip S. Frank
Assistant Corporation Counsel
Special Federal Litigation Division